UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PROTECT THE PUBLIC'S TRUST<br>712 H Street, N.E.<br>Suite 1682<br>Washington, D.C. 20002,<br><br>        Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF HEALTH AND<br>     HUMAN SERVICES<br>200 Independence Avenue, S.W.<br>Washington, D.C. 20201,<br><br>        Defendant. | Civil Case No. 1:23-cv-03662 |

## COMPLAINT

1. Plaintiff Protect the Public's Trust brings this action against the U.S. Department of Health and Human Services under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

3. Venue is proper in this Court pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

4. Plaintiff Protect the Public's Trust ("PPT") is a nonprofit corporation dedicated to restoring public trust in government by promoting the fair and equal application of the rules and standards of ethical conduct to all public servants. Consistent with Justice Brandeis's

1

aphorism that "Sunlight is said to be the best of disinfectants; electric light the most efficient policeman," PPT seeks to promote transparency and broadly disseminate information so that the American people can evaluate the integrity and ethical conduct of those who act in their name. Louis Brandeis, OTHER PEOPLE'S MONEY AND HOW BANKERS USE IT (1914), https://louisville.edu/law/library/special-collections/the-louis-d.-brandeis-collection/other-peoples-money-chapter-v.

5. Defendant U.S. Department of Health and Human Services ("HHS" or the "Department") is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1). The Department has possession, custody, and control of records responsive to Plaintiff's FOIA request.

## STATEMENT OF FACTS

6. An April 29, 2022, article of The National Desk quoted Assistant Secretary for Health Rachel Levine as stating "[t]here is no argument among medical professionals – pediatricians, pediatric endocrinologists, adolescent medicine physicians, adolescent psychiatrists, psychologists, etc. – about the value and the importance of gender-affirming care," "I will disagree that there are many studies cited in the Florida statement – there are a few studies. I've looked at them. A lot of them say that we need more research. We agree," and "[w]hen you look at the forthcoming World Professional Association for Transgender Health standards of care and you see the hundreds and hundreds of articles, you will be able to see the difference between the research base for the standards of care and the few studies cited by Florida." Alec Schemmel, *'There is no argument': Rachel Levine praises 'gender-affirming care' for adolescents*, The National Desk (Apr. 29, 2022), https://thenationaldesk.com/news/americas-news-now/there-is-no-argument-rachel-levine-praises-gender-affirming-care-for-adolescents#.

7. On October 12, 2022, Assistant Secretary for Health, Rachel Levine made the following claim from an official HHS account: "Accredited medical professional groups agree that gender-affirming care is medically necessary, safe, and effective for trans and non-binary youth. States should translate this knowledge into more compassionate policies that protect rather than undermine youth mental health." *See* @HHS_ASH (Oct. 12, 2022), https://twitter.com/HHS_ASH/status/1580277406820012032.

8. On or about June 30, 2023, PPT submitted a FOIA request (attached as Exhibit A) citing this article and Tweet and seeking the following records "in relation to Assistant Secretary for Health Rachel Levine's claims":

   1) From January 20, 2021, through the date this request is processed, records of scientific evidence, studies, and/or data to support the Assistant Secretary's claim that "gender-affirming care is medically necessary, safe, and effective for trans and non-binary youth".

   2) From January 20, 2021, through the date this request is processed, records of surveys of medical professionals regarding the value and importance of "gender-affirming care" for minor children.

9. As Attorney General Garland has made clear, FOIA is "a vital tool for ensuring transparency, accessibility, and accountability in government" whose "'basic purpose . . . is to ensure an informed citizenry,' which is 'vital to the functioning of a democratic society [and] needed to check against corruption and to hold the governors accountable to the governed.'" Merrick Garland, *Memorandum for Heads of Executive Departments and Agencies: Freedom of Information Act Guidelines* 1 (Mar. 15, 2022), https://www.justice.gov/ag/page/file/1483516/download (quoting *NLRB v. Robbins Tire & Rubber Co*, 437 U.S. 214, 242 (1978)) ("Garland Memo").

10. The release of these documents is in the public interest because they will illuminate the basis for an empirical claim on a highly controversial subject by one of the country's highest ranking public health officials.

11. On July 3, 2023, HHS acknowledged receipt of Plaintiff's FOIA and assigned it tracking number "2023-00916-FOIA-OS."

12. Approximately five minutes later, HHS sent a follow-up email changing the tracking number to "2023-00916-FOIA-PHS."

13. On July 19, 2023, HHS sent an acknowledgement letter via email that claimed an additional ten days to respond to Plaintiff's request due to "unusual circumstances" and stated "[f]urther, we estimate needing more than the 10 additional days to respond to your request." It went on to "offer [Plaintiff] the opportunity to narrow [Plaintiff's] request, in case narrowing the request would enable us to respond to the request sooner," but provided no information about which portions of the request contributed to the purported need for additional time or how Plaintiff could narrow the request to expedite processing.

14. That same day, HHS sent a follow-up email updating the status of Plaintiff's request to "In Process."

15. There has been no further communication from HHS regarding this request.

16. As the Garland Memo makes clear, "Timely disclosure of records is also essential to the core purpose of FOIA." Garland Memo at 3.

17. Plaintiff's request as been pending for over 150 days—well beyond the statutory period to respond to a FOIA request, even in "unusual circumstances." 5 U.S.C. § 552(a)(6)(B). Yet the Department still has not made a determination of whether it will comply with Plaintiff's request. *See Citizens for Responsibility and Ethics in Washington v. FEC*, 711 F.3d 180

(D.C. Cir. 2013). To wit, HHS has not provided an estimated date of completion, let alone produced the requested documents, communicated to the Plaintiff the scope of the documents it intends to produce and withhold, along with the reasons for such withholding, nor informed Plaintiff of its ability to appeal any adverse portion of its determination.

18. Thus, HHS has not and does not appear to intend to meet its statutory obligations to provide the requested records absent litigation.

19. Through HHS's failure to make a determination within the time period required by law, PPT has constructively exhausted its administrative remedies and seeks immediate judicial review.

## COUNT I
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

20. PPT repeats and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

21. PPT properly submitted a request for records within the possession, custody, and control of the Department.

22. The Department is an agency subject to FOIA, and therefore has an obligation to release any non-exempt records and provide a lawful reason for withholding any materials in response to a proper FOIA request.

23. The Department is wrongfully withholding non-exempt agency records requested by PPT by failing to produce non-exempt records responsive to its request.

24. The Department's failure to provide all non-exempt responsive records violates FOIA.

25. Plaintiff is therefore entitled to declaratory and injunctive relief requiring the Department to promptly produce all non-exempt records responsive to its FOIA request and provide an

index justifying the withholding of any responsive records withheld under claim of exemption.

## **REQUESTED RELIEF**

Protect the Public's Trust respectfully requests this Court:

(1) Assume jurisdiction in this matter and maintain jurisdiction until Defendant complies with the requirements of FOIA and any and all orders of this Court.

(2) Order Defendant to produce, within ten days of the Court's order, or by other such date as the Court deems appropriate, any and all non-exempt records responsive to PPT's FOIA request and an index justifying the withholding of all or part of any responsive records withheld under claim of exemption.

(3) Award PPT the costs of this proceeding, including reasonable attorney's fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E).

(4) Grant PPT other such relief as the Court deems just and proper.

Dated: December 8, 2023                                Respectfully submitted,

                                                                            PROTECT THE PUBLIC'S TRUST
                                                                            By Counsel:

                                                                            /s/Gary M. Lawkowski
                                                                            Gary M. Lawkowski
                                                                            D.D.C. Bar ID: VA125
                                                                            DHILLON LAW GROUP, INC.
                                                                            2121 Eisenhower Avenue, Suite 608
                                                                            Alexandria, Virginia 22314
                                                                            Telephone: 703-574-1654
                                                                            GLawkowski@Dhillonlaw.com

                                                                            *Counsel for the Plaintiff*